FILED
JAMES BONINI
CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO 06 APR 27  AM 11: 43
### WESTERN DIVISION

| | | |
|---|---|---|
| COMPUTEREASE SOFTWARE, INC. | : | CIVIL ACTION |
| 6460 Harrison Avenue, Suite #200 | : | NO. 1:06 CV 247 |
| Cincinnati, Ohio 45211 | : | |
| | : | |
| Plaintiff, | : | BECKWITH |
| | : | J. BLACK |
| vs. | : | COMPLAINT |
| | : | |
| HEMISPHERE CORPORATION | : | |
| c/o Scott Lyon, Registered Agent | : | |
| 2815 E. 3300 South | : | |
| Salt Lake City, Utah 84109 | : | |
| | : | |
| Defendant. | : | |

\* \* \* \* \* \* \*

Comes now the Plaintiff, ComputerEase Software, Inc., and as its claims for declaratory judgment, damages and injunctive relief against the Defendant, Hemisphere Corporation, states as follows:

## PARTIES AND NATURE OF CLAIMS

1.    Plaintiff, ComputerEase Software, Inc., (hereinafter "ComputerEase"),  a developer of specialized computer software and related products and services for the construction industry, is incorporated in the State of Ohio and has its principal place of business at 6460 Harrison Avenue in Cincinnati, Hamilton County, Ohio.

2.      Defendant, Hemisphere Corporation (hereinafter "Hemisphere"), a software dealer formerly under contract with ComputerEase, is incorporated in the State of Utah and has its principal place of business at 2815 E. 3300 South in Salt Lake City, Utah.

3.      Hemisphere's agent for service of process is Scott Lyon, 2815 E. 3300 South in Salt Lake City, Utah.

4.      This is an action for a declaratory judgment under 28 U.S.C. § 2201 and Fed. R. Civ. Proc. 57, damages and injunctive relief relating to the Parties' Dealer Agreement of December 31, 2004 (hereinafter the "Agreement"), a copy of which is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

5.      Based on the state of incorporation and principal place of business of Plaintiff in the State of Ohio and Defendant in the State of Utah, this Court has jurisdiction over this matter under 28 U.S.C. § 1332(c).

6.      The value to Plaintiff of obtaining a judicial declaration of the rights of the Parties under the Agreement exceeds $75,000.

7.      Venue is proper in the Southern District of Ohio at Cincinnati under 28 U.S.C. § 1391(a) and (c), because the terms of the aforesaid Agreement provide as follows:

> Dealer agrees that the state and/or federal court in Hamilton County, Ohio shall have the sole and exclusive jurisdiction and venue with respect to any proceedings arising out of or relating to this Agreement.

(Exhibit A, page 9)

2

## **FACTUAL BACKGROUND**

8.     On December 31, 2004, Defendant through its President, Scott Lyon, executed the aforesaid Dealer Agreement (Exhibit A), which provided for an "automatic termination on December 31, 2005," and which further provided that Plaintiff "shall offer a new Contract, subject to revisions at (Plaintiff's) discretion."

9.     On November 30, 2005, Plaintiff gave notice in writing to Hemisphere that the Agreement was being terminated at year-end and that ComputerEase was offering Hemisphere a new contract with revised terms if, but only if, Hemisphere agreed to the revised terms on or before December 31, 2005.

10.    Defendant objected to the terms of the new dealer agreement which, unlike all prior dealer contracts, required ComputerEase dealers to make fixed payment amounts to Plaintiff irrespective of the amount of revenues generated in the dealer's territory.

11.    Of the 16 ComputerEase dealers nationwide, 15 of them signed the new dealer contract on or before December 31, 2005, with Defendant being the lone exception.

12.    Shortly after Plaintiff provided Hemisphere with the notice of contract termination described above and the revised dealer contract, Defendant inquired whether the revised terms of the new contract were applicable to Hemisphere. On December 5, 2005, Plaintiff advised Hemisphere by email communication, a copy of which is attached hereto as Exhibit B, that the revised terms would be applicable to Hemisphere if it accepted the new contract.

13.    Despite the aforesaid notice of contract termination and email communication of December 5, 2005 (Exhibit B), Defendant failed and refused to accept the proposed new dealer contract by the required renewal date of December 31, 2005.

3

14. On February 17, 2006, seven weeks after the expiration of the Agreement (Exhibit A), Defendant attempted to accept the proposed new dealer agreement, with its revised terms and method of dealer payment.

15. Plaintiff declined to execute and did not accept Hemisphere's belated offer to renew the Dealer Agreement on the revised terms.

16. On or about February 17, 2006, Defendant mailed checks to Plaintiff for the fixed fee dealer payments required by the terms of the new revised contract, but Plaintiff has since returned the proffered checks to Defendant without cashing or otherwise benefiting from them.

## **TERMS OF AGREEMENT**

17. The Dealer Agreement of December 31, 2004, as well as the previous dealer agreement, provided that Plaintiff and Defendant "expressly agreed that no agency, joint venture, partnership or any other employment relationship is created by this agreement" (Exhibit A, page 2).

18. The aforesaid Agreement, as well as the previous agreement between Plaintiff and Defendant, further provided that "the rights to market ComputerEase products and services to (Defendant's) customers remain with the (Defendant) for the period of time that this Agreement, and any subsequent Dealer Agreement remains in effect" (Exhibit A, page 3). No such agreement has been in effect since December 31, 2005.

19. In the event of a termination of the Agreement, as described hereinabove, without a substitute agreement being executed within 30 days, the Agreement provided that Hemisphere must sell its customer base within 6 months or it would be auctioned to the highest bidder (Exhibit A, pages 6-7).

4

20.     The Agreement also provided that termination "shall not affect or relieve (Defendant) from (Defendant's) obligations created prior to termination." These obligations included the Defendant's responsibility "for installation of new sales and support for the (Defendant's) End Users until new resources to support the (Defendant's) End Users may be found" (Exhibit A, page 7).

## CLAIM FOR DAMAGES

21.     In order to assist Defendant in continuing to support its End Users following expiration of the Agreement on December 31, 2005, as required by the aforesaid provision of the Agreement, Plaintiff has provided Defendant with new product and technical assistance for Defendant's End Users.

22.     Plaintiff's continued support of Defendant's End Users after December 31, 2005, was not provided under the terms of a new dealer contract, but was and continues to be undertaken in accordance with Defendant's obligations as set out in the Agreement of December 31, 2004 and referenced in paragraphs 20 and 21 above.

23.     Plaintiff has been partially compensated for these continued services, following the expiration of the Agreement on December 31, 2005, at the rates of compensation set out in the Agreement (Exhibit A, page 4) and not at the revised fixed fee rates of the new dealer agreement.

24.     Over and above Plaintiff's partial compensation for its ongoing supply of products and services to Hemisphere's End Users, as described above, Defendant owes Plaintiff the amount of $42,128.25 for services and products at the rates of compensation set out in the Agreement (Exhibit A, page 4).

## RELIEF REQUESTED

25.    Based upon the terms of the Dealer Agreement of December 31, 2004 (Exhibit A),
Plaintiff is requesting the following declaratory judgment relief under 28 U.S.C. § 2201
and Fed. R. Civ. Proc. 57:

   a) A judicial declaration that the Dealer Agreement of December 31, 2004, has
      been terminated and is no longer of any binding legal effect, other than the
      rights and obligations of the Parties during the transition period;

   b) A judicial declaration that Defendant did not timely accept Plaintiff's offer of a
      new contract and that therefore the proposed new contract, signed by
      Defendant on February 17, 2006, has no legal force or effect;

   c) A judicial declaration that Plaintiff, either directly by itself or through
      authorized dealers, may solicit business from Defendant's End Users upon
      expiration of any and all existing service agreements, which have been
      procured by Defendant, relating to the use of ComputerEase products; and

   d) A judicial declaration that, if Hemisphere does not sell its customer base
      within 180 days of the expiration of the Agreement, Plaintiff may conduct an
      auction of Defendant's customer base among Plaintiff's other dealers for sale
      to the highest bidder.

26.    Based on the irreparable harm Plaintiff will incur if it cannot market and service
its computer software through an authorized dealer in the geographic area previously
served by Defendant as its exclusively territory, Plaintiff is requesting the following
injunctive relief:

a) Temporary and permanent orders prohibiting Defendant from engaging in any conduct injurious to ComputerEase during and after the transitioning of Defendant's End Users from Defendant to Plaintiff or another dealer; and

b) Temporary and permanent orders entitling Plaintiff to communicate with Defendant's End Users during the aforesaid transition period to inform them that a new dealer will be taking the place of Defendant upon the expiration of their ComputerEase service agreements.

27.  Plaintiff is requesting a judgment against Hemisphere for payments due under the Dealer Agreement of December 31, 2004, in the amount of $42,128.25.

**WHEREFORE**, Plaintiff, ComputerEase Software, Inc., requests the declaratory judgment, injunctive relief and damages specified above.  Plaintiff further requests judgment against Defendant for Plaintiff's reasonable attorney fees and costs herein and any and all other relief to which Plaintiff may appear entitled.

*Angela M. Gates*

Richard G. Meyer
Angela M. Gates (0077122)
Deters, Benzinger & LaVelle, P.S.C.
207 Thomas More Parkway
Crestview Hills, Kentucky 41017
(859) 341-1881
(859) 341-1469 fax
rmeyer@dbllaw.com
*Attorney for Plaintiff,*
*ComputerEase Software, Inc.*

92814.3