UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COMPUTEREASE SOFTWARE, INC. | : | CASE NO. 1:06-CV-247 |
| Plaintiff | : | JUDGE SANDRA BECKWITH |
| -vs- | : | **DEFENDANT, HEMISPHERE CORPORATION'S RULE 65 MOTION** |
| HEMISPHERE CORPORATION, et al. | : | **FOR INJUNCTIVE RELIEF** |
| Defendants | : | |

\* \* \* \* \* \* \*

Now comes Defendant, Hemisphere Corporation, ("Hemisphere") through its counsel of record, and moves the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for an order granting injunctive relief.  In its Complaint, Plaintiff demands that Defendant sell Plaintiff's Customer Base to a buyer approved by Plaintiff.  (Plaintiff's Complaint, ¶ 30).  Defendant has agreed to sell the Customer Base to a buyer already approved by Plaintiff.  On this one point, Defendant have requested the same relief in its Counterclaim as Plaintiff has sought.  (Defendant's Counterclaim, ¶¶ 8-10 )

Defendant requests that this Court grant injunctive relief to prohibit Plaintiff from impeding the further sale of the Customer Base to this approved buyer.  Finally, Defendant respectfully requests this Court to prohibit Plaintiff from holding an auction for the sale of the Customer Base currently scheduled for August 1, 2006.  This Motion is supported by the following Memorandum.  A separate Affidavit of Scott Lyon, President and owner of Hemisphere Corporation is filed in support of this Motion.

1

**MEMORANDUM**

I.    FACTS

Hemisphere is a distributor of computer software products manufactured by ComputerEase Software, Inc. ("ComputerEase") for use in the construction industry. (Affidavit of Scott Lyon, ¶ 3, hereinafter "Lyon Aff. ¶ __") .ComputerEase claims to have terminated the ComputerEase Dealer Agreement (the "2005 Dealer Agreement") between it and Hemisphere. (Plaintiff's Complaint. ¶ 25).  As part of the 2005 Dealer Agreement, upon termination, Hemisphere is required to sell its Customer Base to another dealer approved by ComputerEase. (Id. )  Even though Hemisphere disagrees that the 2005 Dealer Agreement has been terminated (Lyon Aff. ¶ 6), in order to mitigate its damages Hemisphere immediately commenced efforts to sell its Customer Base once ComputerEase declared the 2005 Dealer Agreement over on April 27, 2006. (Lyon Aff. ¶¶ 10, 15, 16, and 17.)  Hemisphere has arranged to sell its Customer Base to Microvisions II, a company already approved by ComputerEase.  (Lyon Aff. ¶¶ 24 and 31 ).

The 2005 Dealer Agreement does not grant ComputerEase any power to dictate the terms of the sale beyond approval of the buyer. (Lyon Aff. ¶ 27).  Specifically, the 2005 Dealer Agreement provides:

> **1. Required Sale of Customer Base**:  Dealer must sell all CE customers within one hundred eighty (180) days of the date of termination.  CE must approve the buyer of Dealer's customers.  If Dealer is unable to sell customers within 180-days they will be auctioned to the current dealer base and sold to the highest bidder.

The clear and unequivocal language of the 2005 Dealer Agreement evidences that the only right ComputerEase has in the sale of the Customer Base is "to approve the buyer."  And yet, not having the right to do so under the 2005 Dealer Agreement, on May 25, 2006,

ComputerEase sent Microvisions II required text for the Asset Purchase Agreement between Hemisphere and Microvisions II. (Lyon Aff. ¶ 28 ). As recently as Monday, June 26, 2006, ComputerEase was still attempting to impose terms and restrictions on the Hemisphere-Microvisions II sale. (Lyon Aff. ¶ 34.)

Plaintiff's Complaint demands that Hemisphere sell its Customer Base "to a dealer acceptable to [ComputerEase] as provided in the [2005] Dealer Agreement. (Plaintiff's Complaint, ¶ 30). The 2005 Dealer Agreement grants ComputerEase the right to "approve" the new dealer, but does not grant it any additional rights pertaining to the terms of the sale. (Lyon Aff. ¶ 27). Hemisphere and Microvisions II closed on the sale of the Customer Base on May 30, 2006. (Lyon Aff. ¶ 41). For reasons unknown, ComputerEase continues to refuse to grant Microvisions II the necessary Dealer License it needs before it can begin operations. (Lyon Aff. ¶ 32, 35) Moreover, Plaintiff continues to threaten that an auction of the Customer Base will occur on August 1, 2006. (Lyon Aff. ¶ 10).

II.   STANDARD FOR GRANTING INJUNCTIVE RELIEF

In order to grant a Motion for Injunctive Relief, a court must consider the following factors:

   1. The Movant's likelihood of success on the merits;
   2. Whether the Movant would suffer irreparable injury without the injunction;
   3. Whether the issuance of the injunction would cause substantial harm to others;
   4. Whether the public interest would be served by issuance of the injunction.

*Forry, Inc. v. Neundorfer, Inc*., 837 F. 2d 259, 262 (6th Circuit, 1998).

### A. HEMISPHERE HAS MET EACH ELEMENT REQUIRED FOR NJUNCTIVE RELIEF.

#### 1. Hemisphere has a high likelihood of success on the merits.

In essence, Hemisphere has strived mightily to create the very result sought by Plaintiff in its Complaint for "declaratory judgment… and injunctive relief." This is the same result sought by Hemisphere in its Counterclaim (see ¶31):

> … for judgment to be entered in favor of Hemisphere Corporation determining that the only interest ComputerEase has in Hemisphere Corporation's sale of its customer base is to approve the buyer, which it must do so based upon reasonable and objective standards, and for injunctive relief making ComputerEase cease and desist from continuing to interefere in any way with Hemisphere Corporation's marketing and sale of its customer base.

Hence, Hemisphere's Motion is simple: that ComputerEase be required to comply with its own demand for relief in its Complaint. ComputerEase has demanded that Hemisphere sell its Customer Base to an approved dealer. Hemisphere has already complied with that demand. Hemisphere has reached an agreement to sell the Customer Base to an approved dealer, Microvisions II. The only roadblock that remains is ComputerEase's refusal to issue the necessary Dealer license to Microvisions II. There should be no issue as to whether Hemisphere would succeed on the merits of its Counterclaim because it grants everything ComputerEase demands.

#### 2. Hemisphere will suffer irreparable injury if injunctive relief is not ordered.

Because of the Termination of the 2005 Dealer Agreement by ComputerEase, Hemisphere was forced to dismantle most of its operations. (Lyon Aff. ¶ 36). Hemisphere has lost many of its key employees. (Lyon Aff. ¶ 38). Despite a June 23, 2006 offer by ComputerEase to reinstate Hemisphere as the licensed dealer, it is simply not possible for

Hemisphere to regain the capacity to handle such a duty. (Lyon Aff. ¶ 35-36).  Although Hemisphere vigorously denies that the 2005 Dealer Agreement was properly terminated by ComputerEase, in good faith, and as required by law, Hemisphere sought to mitigate its damages by selling the Customer Base prior to the August 1, 2006 auction deadline set by ComputerEase.. (Lyon Aff. ¶ 6, 16)

If ComputerEase is not required to issue the Dealer license to Microvisions, this very valuable business asset is in immediate risk of collapsing, which would have a catastrophic effect on Hemisphere. (Lyon Aff. ¶ 47).

**3. The issuance of injunctive relief will not cause substantial harm others.**

There is no evidence that any harm will result from the court granting the injunctive relief sought herein.  This is a situation where each party will receive the relief it has demanded. ComputerEase can hardly argue that it would be harmed by this Court issuing an order granting it the relief it seeks in its Complaint.

**4. The public interest would be served by the issuance of this injunctive relief.**

The public has a strong interest in ensuring that our legal system is not abused.   When a Plaintiff impedes the ability of a Defendant from complying with the Plaintiff's own demands, the system becomes abused. As stated above, Hemisphere is simply taking the action ComputerEase has demanded. The public interest would be well served by this Court requiring that CompterEase comply with its demands.   Otherwise, ComputerEase and future Plaintiffs would be permitted to increase their demands when it becomes apparent that a Defendant is willing to accommodate the initial demand.

III.     CONCLUSION

Because of the aforementioned reasons, Hemisphere respectfully requests that this Court grant its Motion for Injunctive Relief and require ComputerEase to issue Microvisions II the Dealer license; to prohibit ComputerEase from taking any additional steps to impede or prevent the sale of the Customer Base from Hemisphere to Microvisions II; to prohibit ComputerEase from conducting the auction sale of the Customer Base on August 1, 2006; and for its costs, and such other relief for which it may be entitled.

Respectfully Submitted,

/s/ John C. Scott
JOHN C. SCOTT, #0029518
JASON H. MEYER, #0079990
Attorneys for Defendants
FAULKNER & TEPE, LLP
2200 Fourth & Vine Tower
Cincinnati, Ohio 45202
(513) 421-7500
FAX – (513) 421-7502
jscott@faulkner-tepe.com


/s/ Russell C. Fericks
RUSSELL C. FERICKS #3793.
RAMONA GARCIA
Attorneys for Defendants
RICHARDS, BRANDT, MILLER & NELSON
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
(801)531-2000

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2006, I electronically filed the foregoing document with the Clerk of the Courts using the CM/ECF system which will send notification of such filing to Richard G. Meyer and Angela M. Gates, 207 Thomas More Parkway, Crestview Hills, KY 41017.

/s/ John C. Scott
JOHN C. SCOTT